UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RUBY MILLER, | : | Case No. 1:07-cv-759 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND NOT SUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) JUDGMENT BE ENTERED IN FAVOR OF PLAINTIFF AWARDING BENEFITS; AND (3) THIS CASE BE CLOSED**

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g). At issue is whether the administrative law judge ("ALJ") erred in finding that Plaintiff was "not disabled" and, therefore, unentitled to a period of disability, disability insurance benefits and supplemental security income. (*See* Administrative Transcript ("Tr.") at 20).

**I.**

On March 5, 2004, Plaintiff filed an application for DIB and SSI benefits, with an onset date of September 30, 2002, alleging hypertension, insulin-dependent diabetes, arthritis, and severe, chronic low back pain. (Tr. 54-56.) That application was denied initially on August 24, 2004 and upon reconsideration on January 18, 2005. (Tr. 15.)

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Upon denial of her claims on the state agency level, Plaintiff requested a hearing *de novo* before an ALJ. (Tr. 27-30, 32-35.) A hearing was held on November 2, 2006, at which Plaintiff appeared with counsel and testified. (Tr. 46-53.) A vocational expert, Dr. Janice L. Bending, was also present and testified. (*Id*.) On January 12, 2007, the ALJ entered her decision denying Plaintiff's claim for benefits. (Tr. 12-20.) That decision became Defendant's final determination upon denial of review by the Appeals Council on July 31, 2007. (Tr. 5-7.)

The ALJ's "Findings," which represent the rationale of her decision, were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since September 30, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe combination of impairments: insulin dependant diabetes mellitus (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404. Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to sit 6-8 hours, stand 6-8 hours, and frequently lift/carry 25 pounds and 35 pounds occasionally. She also is unable to walk more than 1/3 of a mile due to shortness of breath.

6. The claimant is capable of performing past relevant work as a janitor, fast food restaurant worker, and cable repair job. This work does not require the performance of work-related activities precluded by the claimant's residual

        functional capacity (20 CFR 404.1565 and 416.965).

7.      The claimant has not been under a "disability," as defined in the Social Security Act, from September 30, 2002 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(Tr. 17 - 20.)

On appeal, Plaintiff maintains that: (1) the ALJ erred in determining Plaintiff's residual function capacity (her "RFC"); and (2) the ALJ erred in finding Plaintiff not fully credible.  For the reasons that follow, the undersigned finds that the ALJ's nondisability finding is not supported by substantial evidence and hereby recommends that the ALJ's decision be reversed and remanded for an award of benefits.

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420 (1971).  In performing this review, the Court considers the record as a whole.  *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978).  If substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled.  As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

### A.

For her first assignment of error, Plaintiff asserts that the ALJ erred in determining Plaintiff's RFC assessment because the ALJ failed to give controlling weight to the consultive examiner's finding that Plaintiff could not lift more than 10 to 15 pounds due to her back problems. (Tr. 172.) The undersigned agrees.

When an ALJ makes a medical determination, it must be based upon medical evidence. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986). An ALJ, as a layperson, may not substitute her own opinions for those of the expert doctors. *Brown v. Apfel*, 174 F.3d 59, 63 (2nd Cir. 1999); *Sisco v. Dep't of Health & Human Servs.*, 10 F.3d 739, 743 (10th Cir. 1993); *Plummer v. Apfel*, 186 F.3d 422, 429 (3rd Cir. 1999). In the instant case, the ALJ devised her own restrictions, which, as a layperson, she is not permitted to do by law. *Id.*

In the instant case, no physician of record completed an RFC. The state agency also did not complete an RFC. Instead, the only physician of record who offered any limitations on Plaintiff's ability to work was the consultative examiner, Dr. Arani.

Following his examination, Dr. Arani made his own medical conclusions and outlined Plaintiff's restrictions as follows:

> I. (Due to her back problems) no restriction of standing or sitting; but *she cannot lift objects heavier than 10 to 15 pounds due to her back problems*;
> II. (due to shortness of breath) cannot walk more than 1/3 of a mile or climb more than one flight of stairs;
> III. (due to diabetes) no restrictions."

(Tr. 172) (emphasis added).

Nonetheless, contrary to the opinion of Dr. Arani, the ALJ rejected the finding that Plaintiff could not lift objects heavier than 10 to 15 pounds, and, instead, the ALJ found on her own that Plaintiff could lift up to 35 pounds. (Tr. 18.) The ALJ opined that the lifting restriction was "based solely on the claimant's allegations rather than objective findings" and that she thought the doctor was "saying what she [Plaintiff] told him." (Tr. 19, 301.) This is a misstatement of the evidence.

Dr. Arani specifically distinguishes between Plaintiff's allegations and his own objective findings, stating that:

> "She [Plaintiff] *claims* that she cannot walk more than one third of a mile or climb more than one flight of stairs due to shortness of breath and chest discomfort. She [Plaintiff] *cannot* lift objects heavier than ten-to-fifteen pounds due to her back problems."

(Tr. 172 ) (emphasis supplied). In his assessment, Dr. Arani is careful to differentiate

-5-

between Plaintiffs "claims" and his own medical findings. Dr. Arani's statement regarding Plaintiff's lifting capacity is clearly his medical opinion, and it is supported by his exam findings that Plaintiff has a limited lumbar range of motion. (Tr. 171-72, 175.)[2]

Furthermore, the ALJ ultimately disregarded the opinion of the vocational expert as well, for the vocational expert testified that, based on the limitations described in claimant's testimony and Dr. Arani's report, Plaintiff would be unable to perform her past work as she was limited to lifting no more than 10 to 15 pounds. (Tr. 300, 302-03.)

The ALJ may not selectively consider the evidence in denying benefits. *See Howard v. Comm'r of Social Security*, 276 F.3d 235, 240-241. There is nothing to support the ALJ's finding that Plaintiff can lift up to 35 pounds. Here, it is evident that the ALJ improperly ignored Dr. Arani's medical limitations and instead substituted her own less strenuous ones. Additionally, the ALJ failed to include mention of Plaintiff's restricted range of motion in her spine when determining the claimant's RFC. Therefore, the ALJ's RFC finding was not supported by medical evidence.

**B.**

For her next assignment of error, Plaintiff maintains that the ALJ erred in evaluating Plaintiff's credibility in assessing Plaintiff's complaints. The ALJ noted that Plaintiff's statement concerning the intensity, persistence and limiting effects of her symptoms were not entirely credible. (Tr. 19.) However, the evidence depicted in Dr.

---

[2] It is noteworthy that the ALJ *accepts* Dr. Arani's findings as to Plaintiff's limitations on walking, apparently acceding to the doctor's credibility and expertise, but then turns around and arbitrarily rejects Dr. Arani's finding of lifting restrictions.

Arani's findings and especially in the Jewish Hospital patient notes are indeed consistent with Plaintiff's complaints.

Plaintiff's clinic notes from the Jewish Hospital Outpatient Clinic show blurred vision, anxiety, insomnia, leg pain, fatigue, muscle aches, chest tightness, lightheadedness, back pain, hand cramping, headaches and foot pain.  (Tr. 114-252.) Plaintiff reported symptoms of lightheadedness, aching, and shaking all over.  (Tr. 267.) She also reported blurred vision and trouble climbing stairs due to shortness of breath. (Tr. 283, 286.)  She further testified that she could sit for about an hour; stand in one spot for about 15-20 minutes and lift/carry about eight pounds.  (Tr. 271.)  Plaintiff noted that at times she had difficulty holding things.  (*Id.*)  She stated that she continued to have pain in her hands, arms, chest and down her legs into her feet, despite using medications. (Tr. 273.)

The medical record reflects continuing and substantial evidence of disability.

On January 24, 2004, Plaintiff was admitted to the Jewish Hospital in *serious* condition with complaints of fever, spine pain, chest pain and abdominal pain lasting several days.  (Tr. 117.)  She was diagnosed with a new onset of diabetes, acidosis, hyperkalemia, hypoglycemia, pancreatitis, leukocytosis, severe dehydration and hyperphosphatemia.  (Tr. 118.)  Plaintiff was not released from the hospital until January 27, 2004.  (*Id.*)

On June 6, 2004, Plaintiff received outpatient services from the Jewish Hospital clinic for blurred vision, anxiety, insomnia, and leg pain.  (Tr. 192-93.)

On November 12, 2004, Plaintiff was diagnosed with "chronic lower severe back pain." (Tr. 198-99.)

On August 12, 2005, Plaintiff presented with complaints of night sweats and high gluclose levels during the day and low glucose levels during the night. (*Id.*) She also complained of shortness of breath with exertion. (*Id.*)

On April 20, 2006, Plaintiff presented to the ER at Jewish Hospital for dizziness, fatigue, hyperglycemia and management of diabetes mellitus. (Tr. 232.) Plaintiff stated that her blood sugars had been greater than 500 and this was confirmed by lab work, which showed a glucose level of 492. (Tr. 233.) Plaintiff was admitted for further evaluation of her hyperglycemia and management of her diabetes. (Tr. 234.)

The ALJ's response to these extensive evidences of disability is simply that the ALJ finds that the Plaintiff's complaints were not entirely credible.

Incredibly, in disparaging the credibility of Plaintiff's complaints, the ALJ noted that Plaintiff is able to engage in minor household chores, such as cooking, dusting, ironing, washing dishes and washing her clothes and that Plaintiff continues to work part-time providing childcare about one-and-a -half to two-and-a-half hours per day, several days a week, and held that against her.[3] (*Id.*)

The undersigned finds that Plaintiff's ability to engage in daily activities does not

---

[3] Plaintiff's earnings record reflects how very little she actually worked: 2003 - $89.18; 2004 - $531.26; and 2005 - $480.64.
  Dr. Arani found further that Plaintiff suffered from insulin-dependent diabetes, hypertension, and chest discomfort due to angina (Functional Class III), as well as chronic low back pain with restricted range of motion. (Tr. 171.)

-8-

establish *ipso facto* that she is able to engage in gainful activity 40 hours per week.  The ALJ erred by selectively relying on the Plaintiff's testimony regarding her daily activities. *See Kelley v. Callahan*, 133 F. 3d 583, 589 (8th Cir. 1998) ("[A] person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity.")  It is well recognized that a claimant's ability to perform limited and sporadic tasks does not mean she is capable of full-time employment. *Cohen v. Sec'y of Dep't of Health & Human Servs.,* 964 F.2d 524, 529 (6th Cir. 1992).  The fact that Plaintiff engages in minor life activities is not inconsistent with her inability to lift more than 10 to 15 pounds, walk more than 1/3 of a mile, or climb more than one flight of stairs.  Such minor life activities are intermittent and not continuous, and they are done in spite of Plaintiff's medical problems. *See, e.g., Walston v. Gardner,* 381 F.2d 580, 586 (6th Cir. 1967).

  Furthermore, as detailed above, contrary to the finding of the ALJ, Dr. Arani's medical opinion as well as Plaintiff's complaints are well supported and consistent with the medical record.  Accordingly, upon careful review, the undersigned finds that the ALJ's nondisability finding is not supported by substantial evidence.

### III.

When, as here, the nondisability determination is not supported by substantial evidence, the Court must decide whether to reverse and remand the matter for rehearing or to reverse and order benefits granted.

The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991).

Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Heath & Human Servs.*, 17 F.3d 171, 176 (6th Cir 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

The Court may award benefits where the proof of disability is strong and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming. *Faucher*, 17 F.3d at 176; *see also Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994); *Mowery v. Heckler*, 772 F.2d 966, 973 (6th Cir. 1985). Such is the case here.

Here, proof of disability is overwhelming and remand will serve no purpose other than delay. As fully recited herein, in view of Plaintiff's credible assertions of disabling conditions, the extensive medical record of evidence of disability, and the opinion of the consultative examiner, Dr. Arani, proof of disability is overwhelming.

**IT IS THEREFORE RECOMMENDED THAT:**

The decision of the Commissioner, that Plaintiff was not entitled to a period of disability and disability income benefits beginning on September 30, 2002, should be found **NOT SUPPORTED BY SUBSTANTIAL EVIDENCE**, and **REVERSED**; and this case should be **REMANDED** to the ALJ for an immediate award of benefits; and, as no further matters remain pending for the Court's review, this case should be **CLOSED.**

Date:  July 21, 2001                                                  s/ Timothy S. Black
                                                                                        Timothy S. Black
                                                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RUBY MILLER, | : | Case No. 1:07-cv-759 |
| | : | |
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **TEN (10) DAYS** after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to **THIRTEEN (13) DAYS** (excluding intervening Saturdays, Sundays, and legal holidays) when this Report is being served by mail and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to another party's objections within **TEN (10) DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).