**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Ruby Miller,

    Plaintiff,

    v.    Case No. 1:07cv759

Commissioner of Social Security,    Judge Michael R. Barrett

    Defendant.

### **ORDER**

Before the Court is the July 22, 2008 Magistrate Judge's Report & Recommendation ("R&R") recommending that (1) the ALJ's non-disability finding be found not supported by substantial evidence, and reversed; (2) judgment be entered in favor of Plaintiff awarding benefits; and this case be closed.  (Doc. 13)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1]  Defendant filed timely Objections to the R&R, and Plaintiff filed a Response to those Objections.  (Doc. 36)

**I.    BACKGROUND**

On March 5, 2004, Plaintiff filed an application for DIB and SSI benefits alleging hypertension, insulin-dependent diabetes, arthritis, and severe, chronic low back pain.  (Tr. 54-56)  That application was denied initially on August 24, 2004 and upon reconsideration

---

[1] A notice was attached to the Magistrate's Report and Recommendation regarding objections.

on January 18, 2005. (Tr. 15) Plaintiff requested a hearing *de novo* before an ALJ, which was held on November 2, 2006. (Tr. 27-30, 32-35, 46-53) On January 12, 2007, the ALJ entered her decision denying Plaintiff's claim for benefits. (Tr. 12-20) That decision became Defendant's final determination upon denial of review by the Appeals Council on July 31, 2007. (Tr. 5-7)

## II.  MAGISTRATE JUDGE'S REPORT & RECOMMENDATION

In the R&R, the Magistrate Judge found that the ALJ's nondisability finding is not supported by substantial evidence and recommends that the ALJ's decision be reversed and remanded for an award of benefits.  Specifically, the Magistrate Judge found that the ALJ erred in determining Plaintiff's RFC assessment because the ALJ failed to give controlling weight to the consultive examiner's finding that Plaintiff could not lift more than 10 to 15 pounds due to her back problems.  The Magistrate Judge also found that the ALJ erred in evaluating Plaintiff's credibility in assessing Plaintiff's complaints.  The Magistrate concluded that an award benefits was warranted because the proof of Plaintiff's disability is overwhelming.

Defendant objects on the basis that only a treating physician's opinion–not that of a consultative examiner–can be given controlling weight.  Defendant also objects to the finding that the ALJ did not properly evaluate Plaintiff's credibility.  Finally, Defendant argues that remanding this case for further development, not an award of benefits, is the proper remedy for any error in the ALJ's decision.

## III.  ANALYSIS

### A.  Standard of Review

The Court's review of the Social Security Commissioner's decision is limited to

determining whether the findings are supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). The substantial evidence standard presupposes that "there is a zone of choice within which the [Commissioner] may proceed without interference from the court." *Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994). This "zone of choice" includes resolving conflicts in the evidence and deciding questions of credibility. *Gaffney v. Bowen,* 825 F.2d 98, 100 (6th Cir. 1987). Consequently, this Court should defer heavily to such findings by the Commissioner. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994). If substantial evidence supports the ALJ's finding of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky,* 35 F.3d at 1035, *citing Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986).

### B. Weighing medical opinions

"If the opinion of the treating physician as to the nature and severity of a claimant's conditions is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record,' then it will be accorded controlling weight." *Rogers v. Commissioner of Social Sec.*, 486 F.3d 234, 242 (6th Cir. 2007), *quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

However, the record in this matter does not contain an opinion of a treating physician regarding Plaintiff's functional limitations. The sole assessment was that of Dr. Arani, a consultative examiner. (Tr. 172) Dr. Arani found Plaintiff to be limited to lifting no more than 10-15 pounds due to her back problems, and unable to climb more than a flight

of stairs. The ALJ gave "some weight to Dr. Arani's assessment. (Tr. 19) The ALJ found that Dr. Arani's limitations were based solely on the claimant's allegations rather than objective findings. The ALJ pointed to Dr. Arani's findings that Plaintiff's gait was normal and there was no evidence of arthritic changes. The ALJ also pointed to the findings that range of motion of all the joints were full and intact, except the lumbar spine, which was mildly reduced; and there were no sensory changes, muscle wasting, rigidity, and deep tendon reflexes were normal. The ALJ concluded that Plaintiff was capable of lifting or carrying 25 pounds frequently, and 35 pounds occasionally. The ALJ also concluded that Plaintiff cannot climb more than one flight of stairs.

Determining the proper weight to accord opinions of medical sources requires application of the following factors: examining relationship, treatment relationship, length of treatment, frequency of examination, nature and extent of the treatment relationship, supportability, consistency, specialization, and any other factors which support or contradict the opinion. 20 C.F.R. § 404.1527(d); 20 C.F.R. § 416.927(d). The ALJ cited the lack of objective evidence as the reason for rejecting part of Dr. Arani's opinion. However, as the Magistrate Judge noted, Dr. Arani's statement regarding Plaintiff's lifting capacity is based upon his exam findings that Plaintiff has a limited lumbar range of motion. Dr. Arani states that Plaintiff "has had chronic low back pain off and on for the past twenty years with a mild restricted range of motion. . . . She cannot lift objects heavier than ten-to-fifteen pounds due to her back problems." (Tr. 172)

The ALJ also rejected the lifting restriction in Dr. Arani's findings because it was based upon Plaintiff's allegations. The Sixth Circuit has held that it is proper to reject a medical opinion which is based in part upon the subjective complaints of the claimant.

*Young v. Secretary of Health & Human Services*, 925 F.2d 146, 151 (6th Cir. 1990) (report from Pain Center properly rejected where findings based on claimant's subjective complaints); *Thomas v. Commissioner of Social Security*, 2004 WL 1559535 (6th Cir. July 9, 2004) (unpublished) (examining physician's opinion properly rejected where opinion was based in part on claimant' subjective complaints, many of which were not supported by objective medical findings); *Musaad v. Commissioner of Social Security*, 1995 WL 514668 (6th Cir. Aug. 29, 1995) (unpublished) (ALJ properly rejected treating physicians' opinions which were based on claimant's subjective complaints and not supported by objective clinical findings). However, as the Magistrate Judge noted, Dr. Arani distinguished between those limitations which were based upon Plaintiff's subjective complaints, and his actual findings: "*She claims that* she cannot walk more than one-third of a mile or climb more than one flight of stairs due to shortness of breath and chest discomfort. *She cannot lift* objects heavier than ten-to-fifteen pounds due to her back problems." (Tr. 172) (emphasis added). In addition, the ALJ's rejection of the lifting limitation because it was based on Plaintiff's subjective complaints is inconsistent with the ALJ's adoption of Plaintiff's stair-climbing limitation, which was also based on Plaintiff's subjective complaint. Moreover, as discussed below, the Court finds that the ALJ's credibility determination was in error.

Finally, with respect to the restriction in the ALJ's RFC assessment that Plaintiff was "capable of lifting/carrying 25 pounds frequently and 35 pounds occasionally," the Court finds there was no medical evidence in the record to support this conclusion. According to Social Security Ruling 96-8p (1996), "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical

facts (*e.g.*, laboratory findings) and nonmedical evidence (*e.g.*, daily activities, observations)." As this Court has previously recognized '[t]he ALJ must not substitute his own judgment for a doctor's conclusion without relying on other medical evidence or authority in the record." *Mason v. Commissioner of Social Sec.*, 2008 WL 1733181, 13 (S.D.Ohio April 14, 2008) (slip op.), *citing Hall v. Celebrezze*, 314 F.2d 686, 690 (6th Cir. 1963); *Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000); *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3rd Cir. 1985); *Sigler v. Secretary of Health and Human Servs.*, 892 F.Supp. 183, 187-88 (E.D.Mich. 1995). *See also Abner v. Astrue*, 2008 WL 3914932, *2 (E.D.Ky. Aug. 20, 2008) (slip op.) (explaining that "[t]he ALJ may not 'substitute his own layman's opinion for the findings and opinion of a physician'"), *citing Chelte v. Apfel*, 76 F.Supp.2d 104, 108 (D.Mass. 1999) (quoting Gonzalez-Perez v. Secretary of Health & Human Servs., 812 F.2d 747, 749 (1st Cir. 1987).

Based on the foregoing, the Court finds that the ALJ did not accord proper weight to the medical evidence in the record, and the RFC assessment was not supported by substantial evidence.

### C. Credibility determination

It is not for the court to make decisions concerning credibility. *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Credibility determinations by the ALJ are to be accorded great weight and deference, as the ALJ is in a position to observe the demeanor and credibility of a witness. However, that assessment must be supported by substantial evidence. *Id.* If the ALJ rejects a claimant's

testimony as not credible, he must clearly articulate his reasons for so finding. *Felisky*, 35 F.3d at 1036.

The Sixth Circuit recently stated that meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The court observed that Social Security Ruling 96-7p requires that the ALJ explain his or her credibility determination and that the explanation "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.* at 248.

The ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms were not credible in part to Plaintiff's treatment being primarily on an outpatient basis. However, as the Magistrate Judge noted the record shows that Plaintiff was hospitalized twice. On January 24, 2004, Plaintiff was admitted in "serious condition" and remained hospitalized until January 27, 2004. The ALJ also found Plaintiff was not credible in part because she was out of her blood pressure medication, but the Court notes there is evidence in the record that Plaintiff could not afford her medication. (See Tr. 162)[2] The ALJ also relied on Plaintiff's testimony that she is able to perform minor household chores, such as cooking, dusting, ironing, washing dishes, and washing clothes as evidence that Plaintiff's symptoms were not credible. "The ALJ may consider the household and social activities in evaluating complaints of disabling pain or other symptoms." *Bogle v. Sullivan*, 998 F.2d 342, 348 (6th Cir. 1993). However, as the

---

[2]At the hearing, the ALJ asked Plaintiff about her sources of income and public support. It appears that Plaintiff was not receiving medical insurance assistance. (Tr. 272-73)

Magistrate Judge noted, a claimant's ability to perform limited and sporadic tasks does not mean that he or she is capable of full-time employment. *Barker-Bair v. Commissioner of Social Sec.*, 2008 WL 926569, *11 (S.D.Ohio Apr. 3, 2008), *citing Carradine v. Barnhart*, 360 F.3d 751, 755 (7th Cir. 2004); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). *See also Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) ("[A] person's ability to engage in personal activities such as cooking, cleaning, and hobbies does not constitute substantial evidence that he or she has the functional capacity to engage in substantial gainful activity." ).

Finally, the ALJ relied upon Plaintiff's part-time work providing childcare as evidence that her symptoms are not entirely credible. As the Sixth Circuit has explained:

> The issue here is whether, despite her illness, [the claimant] had the residual functional capacity to maintain substantial gainful employment during the period for which she now seeks disability benefits. Residual functional capacity is defined as the "maximum degree to which the individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(c) (1989) (emphasis added). In determining a claimant's physical abilities, we must "assess the severity of [claimant's] impairment(s) and determine [claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b) (1989) (emphasis added).

*Cohen v. Secretary of Dept. of Health and Human Services*, 964 F.2d 524, 530 (6th Cir. 1992); *see also Wilcox v. Sullivan*, 917 F.2d 272, 277 (6th Cir. 1990) ("[C]laimant should not be penalized because he had the courage and determination to continue working despite his disabling condition."). Plaintiff testified that she provides childcare 1.5 to 2.5 hours a day, two or three times a week. (Tr. 264) At the most, this means that Plaintiff is working 7.5 hours per week.[3] The Court finds that is not substantial evidence that Plaintiff

---

[3] Plaintiff's earnings records are consistent with this testimony. (See Tr. 260-61)

could perform work activity on a regular and continuing basis.

Based on the foregoing, the Court finds that the ALJ's credibility determination is not supported by substantial evidence.

### D. Remedy

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Remand is appropriate if the Commissioner applied an erroneous principle of law, failed to consider certain evidence, failed to consider the combined effect of impairments, or failed to make a credibility finding. *Faucher v. Secretary of H.H.S.*, 17 F.3d 171, 176 (6th Cir. 1994). The Court finds that remand for further proceedings is appropriate in this matter.

### IV. CONCLUSION

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court **ADOPTS in PART and REJECTS in PART** the Magistrate Judge's R&R (Doc. 13). The Court vacates and reverses the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remands this matter for further administrative proceedings consistent with this Order. This matter shall be administratively closed and terminated from the Court's docket.

**IT IS SO ORDERED.**

                           */s/ Michael R. Barrett*
                           Michael R. Barrett, Judge
                           United States District Court