UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| RUBY MILLER, | : | Case No. 1:07-cv-759 |
| --- | --- | --- |
| Plaintiff, | : | Judge Michael R. Barrett |
|  | : | Magistrate Judge Timothy S. Black |
| vs. | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
| Defendant. | : |  |

# REPORT AND RECOMMENDATION[1] THAT THE EAJA FEE PETITION FILED BY PLAINTIFF'S COUNSEL (Doc. 17) BE GRANTED, AND THAT COUNSEL THEREFORE BE AWARDED HIS REQUESTED $3,188.00 IN FEES

This is a Social Security benefits appeal in which the Court, acting pursuant to sentence four of 42 U.S.C. § 405(g), reversed the non-disability finding of the Administrative Law Judge ("ALJ"), and ordered a remand to the ALJ for payment of benefits. *See, e.g., Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Seeking to be compensated for his work in obtaining the reversal and remand, Plaintiff's counsel has filed a fee petition for $3,188.00 pursuant to the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412. The fee petition is unopposed, and thus not challenged by the Commissioner.

The EAJA provides that:

> [A] court shall award to a prevailing party . . . fees and other

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Recognizing that Plaintiff is a "prevailing party" as defined, that this civil action was brought against the United States to review agency action by the Social Security Administration, and in a court with proper subject matter jurisdiction, *see* 42 U.S.C. § 405(g), EAJA fees appear awardable, provided that the Commissioner's position during this litigation was not "substantially justified," and that no "special circumstances" exist to bar a fees award.

As the Sixth Circuit has explained:

> The Supreme Court . . . has adopted a reasonable standard for determining is substantial justification exists. For the government's position to be substantially justified under the EAJA, its position must be justified in substance or in the main. Thus, the proper standard in EAJA cases is whether the government's position was justified, both in fact and law, to a degree that could satisfy a reasonable person**.**

*Tate v. Sec'y of Health & Human Servs.*, No. 94-3992, 1995 WL 646495, at *2 (6th Cir. Nov. 2, 1995) (*per curiam*) (internal quotations and citations omitted).[2]

This standard is satisfied in this case, where the ALJ erred in determining

---

[2] The "substantial justification" standard is similar to, but different from, the "substantial evidence" standard used to evaluate the correctness of an ALJ's disability determination. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 258-259 (N.D. Ohio 1995). Therefore, a district court's finding that the ALJ's disability analysis is unsupported by substantial evidence does not automatically mean that the Commissioner's arguments on appeal were not substantially justified. *Richards*, 884 F. Supp. 259. To put it another way, a district court decision reversing the ALJ does not automatically give rise to an award of EAJA fees. *See id.*

Plaintiff's RFC and evaluating Plaintiff's credibility. The Commissioner's litigation position was thus not substantially justified. Accordingly, EAJA fees should be awarded to Plaintiff's counsel for his work conducted before this Court (*i.e.,* his work in securing the reversal and remand).

After careful review of the record, and in the absence of opposition by the Commissioner, the undersigned finds no evidence of special circumstances to bar a fee award here. Additionally, the undersigned finds that the hourly rate of $172.00 and the 16.50 hours expended, as well as the requested $350.00 in costs, are reasonable.

Accordingly, **IT IS HEREBY RECOMMENDED THAT** the EAJA fee petition filed by Plaintiff's counsel be **GRANTED,** and that Plaintiff's counsel be **AWARDED** his requested $3,188.00 in fees and costs.

Date: June 5, 2009     s/ Timothy S. Black
                       Timothy S. Black
                       United States Magistrate Judge

```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

| RUBY MILLER, | : | Case No. 1:07-cv-759 |
|---|---|---|
| Plaintiff, | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation **within 10 DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portions(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **10 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).